NOT DESIGNATED FOR PUBLICATION

No. 130,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY SCOTT LAFFOON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; SARAH E. STEWART, judge. Submitted without oral argument. Opinion filed August 14, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., CLINE and PICKERING, JJ.

PER CURIAM: Timothy Scott Laffoon appeals the district court's decision to revoke his probation and impose his underlying 34-month prison sentence following probation violations. We granted Laffoon's motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not respond to Laffoon's motion. After carefully reviewing the record, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2024, Laffoon pled guilty to one violation of the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., for failing to register between February 2023

1

and March 2023. As part of the plea agreement, the State agreed to recommend a dispositional departure to probation. Based on his criminal history score, Laffoon faced a presumptive prison sentence. He moved for a dispositional departure, arguing there were substantial and compelling reasons to depart from the presumptive prison sentence. The district court granted the departure and imposed 24 months' probation with an underlying sentence of 34 months' imprisonment.

Laffoon had difficulty abiding by the terms of his probation. In August 2024, Laffoon waived his right to a probation violation hearing after admitting to using THC and testing positive for methamphetamine, alcohol, and THC. The district court imposed a two-day jail sanction.

One month later, the district court imposed another two-day jail sanction when Laffoon again admitted to testing positive for cocaine, THC, and alcohol.

In March 2025, the State moved to revoke Laffoon's probation for failing to report to his Intensive Supervision Officer, failing to provide proof of employment, failing to pay court costs as ordered, testing positive for illegal drugs and alcohol, and failing to complete substance abuse treatment as ordered. After a probation violation hearing in May 2025, the district court ordered Laffoon to serve three days in the county jail as a probation violation sanction and extended his probation for 24 months.

In November 2025, the State again filed a motion for revocation of probation based on Laffoon failing to report, failing to maintain full-time employment, failing to pay court costs, testing positive for THC and methamphetamine, and failing to complete outpatient treatment. The district court held another probation violation hearing in December 2025, at which it found that Laffoon had violated his probation.

The State recommended that the district court revoke Laffoon's probation and impose his underlying prison sentence. Laffoon requested another sanction or modification of his sentence. The district court revoked Laffoon's probation and imposed an underlying sentence of 34 months' imprisonment with 24 months of postrelease supervision.

Laffoon appealed.

On appeal, Laffoon argues that the district court abused its discretion by unreasonably revoking his probation and imposing his underlying 34-month prison sentence in the face of probation violations. Laffoon does not argue the district court made an error of fact or law.

Once a probation violation is established, the district court's decision to revoke probation and impose the original sentence is discretionary unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). If the crime of conviction was a felony and the district court originally ordered probation as a dispositional departure, the district court may revoke probation upon a violation, without a prior intermediate sanction. K.S.A. 22-3716(c)(7)(B).

We review the propriety of a probation revocation for an abuse of discretion. A district court abuses its discretion if the judicial decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *Tafolla*, 315 Kan. at 328. A decision is arbitrary, fanciful, or unreasonable "'if no reasonable person would have taken the view adopted by the [district] court.'" *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). The defendant bears the burden of establishing an abuse of discretion. See *Tafolla*, 315 Kan. at 328.

The district court's decision to revoke probation after consistent probation violations was reasonable. Despite the district court's authority to revoke Laffoon's probation under K.S.A. 22-3716(c)(7)(B) upon a first violation, the district court nonetheless granted three intermediate sanctions prior to revoking. While the district court had authority to grant Laffoon another intermediate sanction rather than revoke his probation at his final probation violation hearing, there was no requirement to do so. See K.S.A. 22-3716(c)(1)(B), (c)(1)(C), (c)(7)(B). After granting numerous opportunities for Laffoon to comply with the terms of his probation and help himself, a reasonable person could have found, just as the district court did, that Laffoon demonstrated an inability to conform and revoked his probation as a result.

The district court's determination was not unreasonable, nor did it exhibit any error of law or fact. Laffoon demonstrates no abuse of discretion in the district court's determination.

Affirmed.